**SANDERS LAW GROUP**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
File No.: 123926
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jae Hyun Cho,<br><br>      Plaintiff,<br><br>v.<br><br>JP Morgan Chase Bank N.A. and Experian Information Solutions, Inc.,<br><br>      Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

  Jae Hyun Cho ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against JP Morgan Chase Bank N.A. (hereinafter referred to as "*Chase*" or *"Furnisher Defendant"*) Experian Information Solutions, Inc. (hereinafter referred to as "*Experian*" or "*CRA Defendant*") (collectively Furnisher Defendant and CRA Defendant are referred to as "*Defendants*") as follows:

### INTRODUCTION

  1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681.

  2. This action is commenced against Experian for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of §1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a) after having received a dispute letter from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer reports.

1

3. This action is commenced against Chase for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b) for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of dispute and failing to delete, correct or block the inaccurate information.

4. Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate and/or misleading information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from their credit, and the mental and emotional pain, anguish and embarrassment of dissemination of inaccurate reports to at least one third party, which is akin to the tort of defamation.

5. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

## JURISDICTION AND VENUE

6. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff Jae Hyun Cho is an individual who is a citizen of the State of Pennsylvania residing in Berks County, Pennsylvania.

9. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c)

10. Defendant Chase is a "furnisher of information" (hereinafter "*Furnisher*") as contemplated by 15 U.S.C. § 1681s-2(b).

11. Defendant Chase is a National Banking Association and has a principal place of business located at 1111 Polaris Parkway, Columbus, Ohio 43240 is registered to do business in the State of New York and maintains offices in the judicial district and conducts substantial business in the State of New York.

12. Defendant Experian is a "consumer reporting agency" (hereafter referred to as "*CRA*") as defined under 15 U.S.C. 1681a(f) that regularly conducts business in this judicial district.

13. Defendant Experian has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York, conducts substantial business in the judicial district, and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

14. Defendant Experian by contractual agreement, disbursed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

15. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

16. The FCRA mandates that CRAs adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

17. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That

information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

18. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

19. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

20. Plaintiff Jae Hyun Cho had a charged off debt with Chase in the amount $2,602.67 which was present on Plaintiff's credit report with Experian and non-party CRA Equifax Information Services LLC ("Equifax").

21. Plaintiff settled this debt with Chase on or around October 5, 2021 for $780.00.

22. This settlement resolved the debt in its entirety and nothing more is due and owing. As such, Plaintiff's credit reports should reflect that the debt is settled or paid off for less than the amount owed.

23. After completing the settlement, Plaintiff caused a dispute letter to be sent to Experian and Equifax on or around October 15, 2021 via certified mail, informing them that the account was settled and now has a zero balance.

24. Upon information and belief, Experian received the FCRA dispute letter and within five business days of receipt, Experian forwarded the notice of dispute and all relevant information regarding the dispute to Chase.

25. Upon information and belief, Chase received the notices of dispute and all relevant information regarding the dispute.

26. Now, more than thirty (30) days have passed for the Defendants to investigate the FCRA dispute, but Defendants continued to report the debt as unpaid with an outstanding balance. Whereas, non-party Equifax properly modified the account to reflect the settlement and zero balance or deleted entirely.

27.     Since this debt was settled and paid off entirely, the reporting of a charged off balance and the failure to indicate that the debt is settled is inaccurate, misleading and violates the FCRA.

28.     Here, rather than updating the account to reflect as settled Chase continued to report the account as having an outstanding balance of $1,821.00 which is inaccurate and misleading. Plaintiff did not make the settlement payment with the intent to merely pay down the debt, but intended to resolve it entirely.

29.     Upon information and belief, Experian either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

30.     Upon information and belief, Experian failed to provide Chase with the notice of dispute and all relevant information.

31.     Had Defendants performed a reasonable investigation, the account at issue would have been modified to reflect the fact that it was settled with no remaining balance, or the tradeline would have been deleted entirely.

32.     As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of not being able to use and benefit from their credit due to this inaccurate reporting and the embarrassment and emotional pain of dissemination of this inaccurate reporting to third parties.

33.     Furthermore, Defendants are also responsible for the cost in time and money associated with requesting credit reports, consulting with professionals regarding resolving this inaccurate reporting and submitting a dispute letter via certified mail.

## COUNT I
**Experian's Violations of the FCRA, 15 U.S.C. §1681e(b).**

34.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35.     Experian systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

36. Upon receipt of Plaintiff's disputes, Experian was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, Experian was required to mark the status of the tradeline/account as disputed on the consumer's credit reports, but failed to do so.

37. Upon information and belief, Experian's conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

38. In violation of §§ 1681e(b) and 1681(i), Experian failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

39. Plaintiff disputed the inaccurate information and Experian willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

40. As a result of Experian's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

41. In violation of § 1681o and § 1681n, Experian's conduct was a direct and proximate cause of Plaintiff's injury.

42. Experian is liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

43. As a result of Experian's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

44. For the foregoing reasons, Experian violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT II
### Experian's Violations of the FCRA, 15 U.S.C. §1681i.

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

47. Experian violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Chase and merely parroting information received from Chase.

48. Experian violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Chase all of the relevant information regarding Plaintiff and his dispute.

49. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

50. Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

51. Upon information and belief, Experian never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Chase; or (iv) requested or obtained any relevant documents from Chase. As such, there is no evidence of a reasonable investigation being conducted.

52. As a result of Experian's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above.

53. Experian's violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering Experian individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54. In the alternative, Experian were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

55. For the foregoing reasons, Experian violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Chase's Violations of the FCRA, 15 U.S.C. §1681s-2(b)

56. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57. At all times pertinent hereto, Chase is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

58. Chase has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

59. Chase has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

60. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

61. On each occasion referenced in the above statement of facts where a dispute was sent to Experian, upon information and belief, Experian provided Chase the notice of dispute and all relevant information regarding the disputes.

62. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to Experian, Chase received the notice of dispute and all relevant information regarding the disputes.

63. Upon information and belief, Chase violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

64. Chase failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

65. Upon information and belief, Chase's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

66. Chase's conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

67. Chase's conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

68. Chase's conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

69. Chase's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

70. Chase's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

71. Chase's conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

72. Chase's conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

73. Further, Plaintiff suffered actual damages which have been further described above in the statement of facts.

74. Chase's conduct was willful in that they had direct knowledge of the settlement agreement, were a party to that settlement, received payment for the settlement, and received a FCRA dispute notice of the tradeline from the consumer reporting agencies, but continued to report the tradeline inaccurately.

75. Alternatively, Chase exhibited a reckless disregard and unjustifiably high risk to the Plaintiff upon receipt of the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit reporting.

76. Chase is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77. In the alternative, Chase's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

78. For the foregoing reasons, Chase violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

79. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

    a   Adjudging that Defendants actions violated the FCRA; and

    b   An order enjoining Defendants from persisting in their violative behaviors;

    c   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

    d   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    e   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

    f   Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

    g   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    h   Such other and further relief as the Court determines is just and proper.

DATED: December 9, 2021

          **SANDERS LAW GROUP**

          By:   */s/ Alain Cesar*
          Alain Cesar, Esq.
          100 Garden City Plaza
          Suite 500
          Garden City, NY 11530
          Tel: (516) 203-7600
          Email: acesar@sanderslaw.group
          File No.: 123926
          *Attorneys for Plaintiff*